# UNITED STATES DISTRICT COURT

## FOR DISTRICT OF OREGON

FILED16 NOV '21 15:03USDC-ORP

## PORTLAND DIVISION

JENNIFER RAE GUNTER, individually and
as a natural parent of A.G.; ROBERT JAY
SCHWARTZ, individually and as a natural
parent of J.S.; HOLLY LYNN GOVE, individually
and as a natural parent of M.G.; CHELSEA
ELIZABETH PERRITT, individually and as a
natural parent of L.P.

        Plaintiff(s),

        v.

NORTH WASCO COUNTY SCHOOL
DISTRICT BOARD OF EDUCATION;
CAROLYN BERNAL, in her individual
capacity and in her official capacity as
Superintendent of the North Wasco County
Public School District; and REBECCA
THISTLETHWAITE, DAWN RASMUSSEN,
DAVID JONES, JOHN NELSON, BRIAN
STEVENS, JOSE APARICIO, JUDY
RICHARDSON, all in their individual capacities
and in their capacities as members of the North
Wasco County School District Board of
Education,

        Defendant(s).

Case No.: 3:21-CV-1661 -YY

## VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW, the Petitioners, A.G. minor, by and through her parent, Jennifer Rae
Gunter, J.S. minor, by and through his parent, Robert Jay Schwartz, M.G. minor, by and through
her parent, Holly Lynn Gove, and L.P. minor, by and through her parent, Chelsea Elizabeth

TRO AND PREL. INJ. – VIOLATION
OF PARENTAL RIGHTS AND MASK POLICY      1

Perritt, and in support of their Motion for Temporary Restraining Order pursuant to ORCP 79 and ORS 183.486, states and alleges as follows:

1.  Petitioners have contemporaneously with the filing of this Motion, filed a Petition for Declaratory Judgement, praying for emergency relief aimed at protecting the health and safety of the Children in the North Wasco County School District.  The masks required by the Safe Return to In-Person Instruction and Continuity of Services Plan which was presented by the North Wasco County School Board at the August 19th 2021 meeting for the District for K-12 grade was issued without legal authority, the health and safety considerations of the children and in violation of the Petitioners fundamental liberty interests.  As parents in the care, custody and maintenance of their children (PM minors noted above), we urge the court to immediately enjoin the North Wasco Country School Board from requiring K-12 Children from wearing any type of facial covering.

2.  Plaintiff Gunter, on several occasions attempted, via board meetings and through email correspondence, to obtain the scientific data behind the mask requirement.  Additionally, Plaintiff Gunter has requested that a Certified Industrial Hygienist test be conducted to gather scientific data on the air quality in the North Wasco County Schools based on the hierarchy of OSHA's standards regarding PPE, air quality, and safety.  All requests for information were met with silence or denial of any testing.  Therefore, due to the health and safety of the children, Plaintiffs have no other option than to address this court for relief.

3.  The United States Supreme Court has long recognized that parents have a fundamental liberty interest, under the Due Process Clause of the Fourteenth Amendment, in the care, custody, and control of their children. See, e.g.,  Prince v. Massachusetts, 321 US 158, 166, 64 S Ct 438, 88 L Ed 645 (1944) ("It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obli-gations the state can neither supply nor hinder.")

4.  In 2000, the Supreme Court cited a long train of previous cases which showed that the right of parents to direct the education and upbringing of their children is a fundamental right. The following passage, taken from *Troxel v. Granville*, highlights the rich history of this fundamental right:

In subsequent cases also, we have recognized the fundamental right of parents to make decisions concerning the care, custody, and control of their children. See, e.g., *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) ("It is plain that the interest of a parent in the companionship, care, custody, and management of his or her children 'come[s] to this Court with a momentum for respect lacking when appeal is made to liberties which derive merely from shifting economic arrangements'" (citation omitted)); *Wisconsin v. Yoder*, 406 U.S. 205, 232, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) ("The history and culture of Western civilization reflect a strong tradition of parental concern for the nurture and upbringing of their children. This primary role of the parents in the upbringing of their children is now established beyond debate as an enduring American tradition"); *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected"); *Parham v. J. R.*, 442 U.S. 584, 602, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) ( "Our jurisprudence historically has reflected Western civilization concepts of the family as a unit with broad parental authority over minor children. Our cases have consistently followed that course"); *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (discussing "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child"); *Glucksberg, supra*, at 720, 117 S.Ct. 2258 ("In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights, the 'liberty' specially protected by the Due Process Clause includes the right ... to direct the education and upbringing of one's children" (citing *Meyer* and *Pierce*)). In light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. (Emphasis added)

5. Due to said mask requirement issued and made generally applicable to all children in the District between K through 12th grade without regard for a child's health, mental or physiological ability to function, exposure to COVID-19 or if the child has contracted COVID-19, the fundamental liberty interests of parents to the care, custody and maintenance of their minor children are violated, deprived, harmed, usurped, and infringed  upon each school day as said children are forced to wear face mask or face coverings without Petitioner's consent.

6. Under 18 U.S. Code SS 242 Deprivation of rights under color of law.

TRO AND PREL. INJ. – VIOLATION
OF PARENTAL RIGHTS AND MASK POLICY                    3

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both;

7.  Additionally, under ORS 339.288 Prohibitions on use of certain restraints, Juvenile Code: **SECTION 2.** ORS 339.288 is amended to read:  [*(2) The use of physical restraint or seclusion on a student in a public education program in this state is prohibited unless used as provided in ORS 339.291.*]

**(h) Any restraint that impedes, or creates a risk of impeding, breathing.**
**Meriam Webster dictionary states "physical" being of the body. "Restraint" as being of definition:** a device that <u>restricts</u> movement.

8.  In the Declaration of Stephen E. Petty, P.E., C.I.H., C.S.P. (**Exhibit AC** of the Verified Complaint for Declaratory Judgement) he notes as follows:

40.  There are a wide variety of well-known negative effects from wearing masks that have been thoroughly studied and reported for years.  As explained in a paper published on April 20, 2021 in the International Journal of Environmental Research and Public Health reviewing 44 experimental studies and 65 publications on adverse effects from masks, **measurable physical effects, including increased heart rates, respiratory rates and elevated CO2 retention** were noted even from wearing surgical masks for as few as 30 minutes. (Emphasis Added)

41.  In one of the referenced studies of 12 healthy young students, **investigators observed dizziness, listlessness, impaired thinking and concentration problems** when wearing masks. (Emphasis Added)

43.  The authors note: "The overall possible resulting **measurable drop in oxygen saturation (O2) of the blood** on the one hand and **the increase in carbon dioxide (CO2)** on the other contribute to an increased noradrenergic stress response, with the heart rate increase and

TRO AND PREL. INJ. – VIOLATION
OF PARENTAL RIGHTS AND MASK POLICY           4

respiratory rate increase, in some cases also to a significant blood pressure increase." (Emphasis added).

9. In the, "Is a Mask That Covers the Mouth and Nose Free from Undesirable Side Effects in Everyday Use and Free of Potential Hazards," (**Exhibit viii** of the Verified Complaint for Declaratory Judgement) they state on page 34:

We not only found evidence in the reviewed mask literature of potential long-term effects, but also evidence of an increase in direct short-term effects with increased mask-wearing time in terms of cumulative effects for: **carbon dioxide retention, drowsiness, headache, feeling of exhaustion, skin irritation (redness, itching) and microbiological contamination (germ colonization)**". (Emphasis added)

10. According to the USDA Food Safety and Inspection Service website on Carbon Dioxide:

https://www.fsis.usda.gov/sites/default/files/media_file/2020-08/Carbon-Dioxide.pdf

**What OSHA standards and exposure guidelines apply?** OSHA has established a Permissible Exposure Limit (PEL) for $CO_2$ of 5,000 parts per million (ppm) (**0.5% $CO_2$** in air) averaged over an 8-hour work day (time-weighted average or TWA.) (Emphasis added).

11. Given Defendants refused to hear or act upon Plaintiff's request to halt the mask requirement or for an Industrial Hygiene Test, Plaintiff Gunter ran a test using a Storex O2 & CO2 Analyser on her own child. Tests were performed using a K95 Mask and Generic Surgical mask while her child was at rest.

At 1:39 of the K95 test, Plaintiff's child showed 2.71% $CO_2$ level (5x higher than the OSHA Limit) - https://www.youtube.com/watch?v=NifpIynmviA

At 2:17 of the Surgical Mask test, Plaintiff's child showed 2.62% $CO_2$ level (5x higher than the OSHA Limit) - https://www.youtube.com/watch?v=h8dGtY47qGY

12. Juvenile Code: Dependency ORS 419B.005 B states that abuse is defined as: Any mental injury to a child, which shall include only observable and substantial impairment of the child's

mental or psychological ability to function caused by cruelty to the child, with due regard to the culture of the child.

Increased CO2 levels impair mental and psychological ability to function as noted in Stephen Petty's Declaration (Line 8 above under paragraph 40 & 41 – See Exhibit AC of Verified Complaint).

13. The educational school year for 2021-2022 began on August 31, 2021, and for each school day thereafter, Petitioners are forced to choose either to mask their children against their will, or exercise their fundamental liberty interests in refusing to place face coverings on their children and, as a result, the children to risk suspension/expulsion/isolation/seclusion from school.

Additionally, compulsory attendance begins at age 6 in Oregon (ORS 339.010).  Essential meaning of compulsory (https://www.merriam-webster.com/dictionary/compulsory):

1.   : required by law or rule

    // compulsory [=mandatory] education/retirement

2.   : having the power of forcing someone to do something

    // a compulsory law

Due to the Plaintiffs having to abide by the law set forth for parents, the health and safety of the children, and the mental distress caused to parents to comply with standards within Oregon laws for free and equal education of their minor children, the situation is dire in nature to preserve said parents' fundamental liberty interest to have the ultimate care custody and management of their children (PM minors as noted above).

14. Each day the Respondents require that school children wear masks or they could face suspension/expulsion/isolation/seclusion under North Wasco County School Board Policy (JGD) is a day that said constitutional rights are violated, the child's safety is at risk and the fundamental liberty interests of Petitioners are violated, deprived, harmed, usurped, and infringed in the care, custody and management of their minor children without adequate recourse.  Due to the immediate and irreparable loss of a fundamental liberty interest and safety of the children, a temporary restraining order is requested enjoining enforcement of the face masks and face covering requirement.

15. Every day the respondents mandate that school children wear masks or they could face suspension/expulsion/isolation/seclusion is coercion to receive a free public education. https://www.merriam-webster.com/dictionary/coercing  see ORS 163.275 (1) A person commits

the crime of coercion when the person compels or induces another person to engage in conduct from which the other person has a legal right to abstain, or to abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced or engages in conduct contrary to the compulsion or inducement, the actor or another will:

16. Every day Respondents require that school children wear masks to receive cares act funding aka ESSER or they could face suspension/expulsion/isolation/seclusion is a day Respondents require servitude.

Under ORS 163.261 Definitions for ORS 163.264 (Subjecting another person to involuntary servitude in the first degree), "Services" means activities performed by one person under the supervision or for the benefit of another person. [2007 c.811 §1].

17. In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

18. The parents of North Wasco County school children, as in every school district throughout Oregon, start at roughly 8:00am each school day of the week, are faced with the potentially life altering decision consistent with their fundamental liberty interest as a parent and the health and safety of their children (PM minors as noted above). Parents evaluate the medical and psychological needs of their own child(ren) and whether those needs dictate compliance with an arbitrary and illegally issued school face mask requirement. Abject refusal is at the expense of discipline to their child at the hands of school personnel in the form of exclusion from the classroom and school transportation, or the expense of an alternative education plan despite the taxpayer funded free education to which their child is entitled but to whom entry by the child is

refused unless masked contrary to the will and the fundamental rights of the parents. See Pendleton School District v. State, in 2009, the Oregon Supreme Court concluded that Article VIII, section 3 of the constitution requires the Legislature to establish free public schools that will provide a basic education.

19. The damage, therefore, to the constitutional rights of the Petitioners acting in their capacity as parents making health and safety decisions in the best interest of their children (PM minors as noted above) is presumed given that "violations of constitutional rights are deemed irreparable harm purposes of injunction of relief. See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Planned Parenthood of Minn., Inc. v. Citizens for Community Action, 558 F.2d 861, 867 (8th Cir.1977) (interference with constitutional rights "supports a finding of irreparable injury"); see also Overstreet v. Lexington–Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir.2002) ("denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights"); Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir.1996) (presumption of irreparable injury flows from a violation of constitutional rights)." Aaron v. Target Corp., 269 F. Supp. 2d 1162, 1173 (E.D. Mo. 2003), rev'd, 357 F.3d 768 (8th Cir. 2004), overturned on appeal for other reasons.

20. Under Article 1 Section 1 of the Oregon Constitution, Natural rights inherent in people. We declare that all men, when they form a social compact are equal in right: that all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; and they have at all times a right to alter, reform, or abolish the government in such manner as they may think proper.

21. The deprivation, violation, and usurpation of Petitioners' fundamental liberty interests in the parenting of their children (PM minors as noted above) by Respondents without legal authority or due process is unconstitutional.

22. Likewise, Article 1 Section 33 of the Oregon Constitution, Enumeration of rights not exclusive. This enumeration of rights, and privileges shall not be construed to impair or deny others retained by the people. —

23. ORS 174.030 Construction favoring natural right to prevail. Where a statute is equally susceptible of two interpretations, one in favor of natural right and the other against it, the former is to prevail.

24. Petitioners, as citizens of the State of Oregon, are entitled to their fundamental liberty interests as parents in making the ultimate decisions regarding the health and well-being of their children (PM minors as noted above), which rights are being denied or disparaged by Respondents.

25. As set forth above, violation of the constitutional rights of Petitioners as parents who are disseized and usurped of the ultimate decision making regarding the health and well-being of their children (PM minors as noted above) by Respondents along with the physical and emotional harm caused by wearing a mask has caused Petitioners irreparable injury and will continue to cause such injury unless and until restrained by this Court and such injury is presumed.

26. Respondents acted illegally in adopting the Safe Return to In-Person Instruction and Continuity of Services Plan which included the face covering requirements generally applicable to all students despite the adverse will of the parents and the health and safety of the children.  No matter how small and to what measure is abuse acceptable when Parental rights are NOT upheld and recognized.  Therefore, Petitioners have herein demonstrated the likelihood of success on the merits in their underlying matter.

27. I ask the courts, do we stand on the United States constitution and the principles set forth therein, is the United States Constitution simply a piece of paper that is adhered to when convenient, or is the United States Constitution in facts the supreme law of the land?

28. This Motion is based upon the Verified Complaint for Declaratory Judgement filed in this case, the records and files in this action, and any oral and documentary evidence the Court may consider at the hearing on this matter.

WHEREFORE, Petitioners pray for this Honorable Court to enter a temporary restraining order enjoining Respondents, and their agents, from requiring any masks, face coverings or devices as they restrict and impede children's breathing which is a form of child abuse until Petitioners' Petition for Declaratory Judgement can be heard by this Court.  The masking requirement by the North Wasco County School District Board for all K-12 Schools was adopted after the August 19, 2021 School Board Meeting as contained in the Safe Return to In-Person Instruction and Continuity of Services Plan.

## ACKNOWLEDGEMENT

Jennifer Rae Gunter

STATE OF OREGON                    )
                                   ) SS.
COUNTY OF WASCO                    )


On this 15ᵀʰ day of November, 2021 before me personally appeared Jennifer Rae
Gunter, who being by me duly sworn did say that she is the Petitioner named in the above-
captioned action an acknowledged to me that the allegations contained therein are true according
to her best knowledge and belief.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal
in the County and State aforesaid, the day and year first above written.

OFFICIAL STAMP
TINA MARIE KIPPER
NOTARY PUBLIC · OREGON
COMMISSION NO. 997322
MY COMMISSION EXPIRES FEBRUARY 24, 2024

Tina Kipper
Notary Public

February 24, 2024
My commission Expires


ACKNOWLEDGEMENT

Robert Jay Schwartz ND LAC


STATE OF OREGON                    )
                                   ) SS.
COUNTY OF WASCO                    )


On this 15ᵀʰ day of November, 2021 before me personally appeared Robert Jay Schwartz
ND LAC, who being by me duly sworn did say that he is the Petitioner named in the above-
captioned action an acknowledged to me that the allegations contained therein are true according
to his best knowledge and belief.

TRO AND PREL. INJ. – VIOLATION
OF PARENTAL RIGHTS AND MASK POLICY            10

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

```
OFFICIAL STAMP
TINA MARIE KIPPER
NOTARY PUBLIC - OREGON
COMMISSION NO. 997322
MY COMMISSION EXPIRES FEBRUARY 24, 2024
```

_Tina Kipper_
Notary Public

_February 24, 2024_
My commission Expires


ACKNOWLEDGEMENT

_Holly Gove_
Holly Lynn Gove


STATE OF OREGON                    )
                                   ) SS.
COUNTY OF WASCO                    )


On this _____ day of November, 2021 before me personally appeared Holly Lynn Gove, who being by me duly sworn did say that she is the Petitioner named in the above-captioned action an acknowledged to me that the allegations contained therein are true according to her best knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

```
OFFICIAL STAMP
TINA MARIE KIPPER
NOTARY PUBLIC - OREGON
COMMISSION NO. 997322
MY COMMISSION EXPIRES FEBRUARY 24, 2024
```

_Tina Kipper_
Notary Public

_February 24, 2024_
My commission Expires


ACKNOWLEDGEMENT


TRO AND PREL. INJ. – VIOLATION
OF PARENTAL RIGHTS AND MASK POLICY          11

Chelsea Elizabeth Perritt

STATE OF OREGON                          )
                                         ) SS.
COUNTY OF WASCO                          )


On this ____ day of November, 2021 before me personally appeared Chelsea Elizabeth Perritt, who being by me duly sworn did say that she is the Petitioner named in the above-captioned action an acknowledged to me that the allegations contained therein are true according to her best knowledge and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

OFFICIAL STAMP
TINA MARIE KIPPER
NOTARY PUBLIC - OREGON
COMMISSION NO. 997322
MY COMMISSION EXPIRES FEBRUARY 24, 2024

Tina Kipper
Notary Public

February 24, 2024
My commission Expires