**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
2100 NE Broadway, #119
Portland, OR 97232
Telephone: 503-673-3022
Facsimile: 503-218-1760
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER RAE GUNTER, individually and as a natural parent of A.G.; ROBERT JAY SCHWARTZ, individually and as a natural parent of J.S.; HOLLY LYNN GOVE, individually and as a natural parent of M.G.; CHELSEA ELIZABETH PERRITT, individually and as a natural parent of L.P., | Case No.: 3:21-cv-01661-YY |
| Plaintiff, | DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| NORTH WASCO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, CAROLYN BERNAL, in her individual capacity and in her official capacity as Superintendent of the North Wasco County Public School District; and REBECCA THISTLETHWAITE, DAWN RASMUSSEN, DAVID JONES, JOHN NELSON, BRIAN STEVENS, JOSE APARICIO, JUDY RICHARDSON, all in their individual capacities and in their capacities as members of the North Wasco County School District Board of Education, | |
| Defendants. | |

PAGE 1 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants North Wasco County School District Board of Education, Carolyn Bernal, Rebecca Thistlethwaite, Dawn Rasmussen, David Jones, John Nelson, Brian Stevens, Jose Aparicio, and Judy Richardson (collectively, "defendants") respectfully submit the within Response to plaintiffs' "Verified Motion for Temporary Restraining Order and Preliminary Injunction."

## LR 7-2 CERTIFICATION

The undersigned hereby certifies that this Response complies with the applicable word-count limitation because it contains 3,691 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and certificates of counsel.

## OVERVIEW

In this matter, plaintiffs allege that the mask mandates imposed by the State of Oregon on schools statewide violate the constitutional rights of their school-aged children.  Defendants are administrators and school board members of the relevant school district.  Before the court is plaintiffs' motion for a temporary restraining order and preliminary injunction, which asks the court to bar defendants from requiring students to wear masks.

However, because these *pro se* plaintiffs cannot represent the interests of their minor

PAGE 2 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
            TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

children, and because plaintiffs cannot meet the elements required to entitle them to a

preliminary injunction or temporary restraining order, this court should deny the motion.

## FACTS

The following facts, taken from plaintiff's Complaint, are relevant to this motion.

Plaintiffs' four children are students at North Wasco County School District ("District")

schools, and the claims in this matter are brought by parents on their childrens' behalf.

Complaint, ¶1.  Following the guidance of the State of Oregon's "Ready Schools, Safe Learners"

framework, and pursuant to OAR 333-019-1015, the District requires its students and staff to

wear masks in school.  *Id.,* ¶41, Exhibit L; Exhibit N, page 8.

## ARGUMENT

### 1.     Legal Standards

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.,*

555 U.S. 7, 22 (2008).  In order to obtain the injunction they seek here, plaintiffs must show four

elements:  (1) a likelihood of success on the merits; (2) irreparable harm in the absence of

PAGE 3 -      DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
                    TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

injunctive relief; (3) that the balance of the equities tips in their favor; and (4) that an injunction is in the public interest. *Id.,* at 20. In addition, in the Ninth Circuit, plaintiffs can obtain preliminary injunctive relief by showing that there exist "serious questions going to the merits," in addition to the other three elements. *M.R. v. Dreyfus,* 697 F.3d 706, 725 (9th Cir. 2012). The analysis for a temporary restraining order is virtually the same as for a preliminary injunction. *See, e.g., Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Here, plaintiffs face an even higher burden than that, because they are asking for a mandatory injunction. Plaintiffs do not ask for the preservation of the status quo; rather, they ask this court to affirmatively order defendants to change the existing mask policy. "A prohibitory injunction preserves the status quo…A mandatory injunction 'goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored.'" *Stanley v. University of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir. 1994), *quoting Johnson v. Kay,* 860 F.2d 529, 541 (2d Cir. 1988); and *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979). A court should deny such mandatory relief "unless the facts and law clearly favor the moving party." *Martinez v. Mathews,* 544 F.2d 1233, 1243 (5th Cir. 1976).

2.    **Plaintiffs' allegations**

Plaintiffs purport to allege four constitutional claims. Two of those claims arise under the U.S. Constitution, and allege violations of plaintiffs' procedural due process and substantive due process rights, under the 5th and 14th amendments, through the vehicle of 42 USC §1983. The

PAGE 4 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
            TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

remaining two claims are alleged under the Oregon Constitution, Art. I, sections 1 and 10, and are also labeled as "procedural due process" and "substantive due process" claims.

**3.      Plaintiffs cannot show a likelihood of success on the merits of their claims.**

For the reasons argued below, plaintiffs will not be able to show that these claims have any likelihood of succeeding on their merits.

**a.      Without counsel, plaintiffs cannot represent the interests of their minor children.**

Plaintiffs, appearing *pro se*, purport to bring this action on behalf of their minor children. Complaint, p. 7, ¶1 ("Suit is brought herein on P.M.'s behalf by their Parents").  Their complaint focuses on the alleged impact of mask mandates on the four minor children.

It is a well-settled rule of law in this circuit that *pro se* parties may only represent their own interests, and not those of any other person.  "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him…He has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987), *citing McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *and Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953).  This is true even where a *pro se* plaintiff attempts to appear on behalf of his or her own children:  "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

PAGE 5 -      DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
                    TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Cases similar to this one, brought by parents on behalf of their minor children, have been dismissed for this reason.  *See, e.g., J.R. v. Palos Verdes Peninsula Unified Sch. Dist.,* 2021 U.S. Dist. LEXIS 192165 (C.D. Cal. October 5, 2021); *and J. G. v. Palos Verdes Peninsula Unified Sch. Dist.,* 2021 U.S. Dist. LEXIS 215626 (C.D. Cal. October 6, 2021).  In *J.R. v. Palos Verdes, supra*, the court held:

> It is [plaintiff's] burden as the party seeking to invoke federal jurisdiction to establish an Article III injury on the face of the pleading. She has not done so. [Her] interest as a mother in the harm that she alleges her minor child suffered is insufficient to show that [she] (as distinct from her minor child) personally suffered a particularized or concrete 'injury in fact' that is 'fairly traceable' to the challenged policy of the School District.

*J.R. v. Palos Verdes*, *supra,* at 6.  The same logic obtains here.  Because plaintiffs cannot represent the interests of their minor children, this case should be dismissed.  For these reasons, plaintiffs cannot show that they are likely to prevail on any of their claims.

**b.      Plaintiffs cannot succeed on their claims under the U.S. Constitution.**

Plaintiffs allege two claims under the U.S. Constitution for violations of their due process rights, procedural and substantive.  Because plaintiffs' allegations do not state a claim for relief under either theory, they have no likelihood of success on the merits of those two claims.

**i.      Plaintiffs' procedural due process claim is defective.**

PAGE 6 -      DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

The U.S. Constitution's "Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) a lack of adequate process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Plaintiffs plead the relevant constitutional interest as follows: "Plaintiffs have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask requirement, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." Complaint, ¶73.

However, the Ninth Circuit has "declined to recognize the existence of a 'federal constitutional right to a public education.'" *Brach v. Newsom*, 6 F.4th 904, 923, *quoting* Payne *v. Peninsula School Dist.,* 653 F.3d 863, 880 (9th Cir. 2011). *See also Plyler v. Doe*, 457 U.S. 202, 221 (1982). Plaintiffs thus cannot show that defendants' mask policy implicates a constitutional interest, and therefore lack the first element of their claim.

Nor can they show the second element — their allegations are that their children are in school and receiving an education. It simply cannot be the case that requiring students to wear a mask in school amounts to a "deprivation" of a (nonexistent) right to an education. Moreover, it must be noted that the decision to require masks was not the District's to make. As plaintiffs themselves plead, it was the State of Oregon that made that decision, through enactment of OAR

333-019-1015.  A school district's decision to follow an unambiguous enactment of law cannot amount to a constitutionally cognizable deprivation of rights.  Finally, plaintiffs cannot show a lack of adequate process — as argued above, the entire process occurred at the state level.  No "process" is required when a local government simply follows state law.  Also, it should be noted that plaintiffs do not plead any specific procedural defect - instead, they simply conclude that their due process rights were violated.  That is not enough to show the required lack of adequate process.

        ii.        **Plaintiffs' substantive due process claim is defective.**

Plaintiffs also plead a substantive due process claim, under the Fourteenth Amendment. Substantive due process "protects an individual's fundamental rights to liberty and bodily autonomy." *C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016) (citations omitted). In the educational context, this right is largely limited to "the right of parents to be free from state interference with their choice of the educational forum itself." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005).  "[O]nce parents make the choice as to which school their children will attend, [] their fundamental right to control the education of their children is, at the least, substantially diminished" and "they do not have a fundamental right generally to direct how a public school teaches their child." *Fields*, *supra*, 427 F.3d at 1206.

"'Substantive due process' analysis must begin with a careful description of the asserted right, for 'the doctrine of judicial self-restraint requires us to exercise the utmost care whenever

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

we are asked to break new ground in this field.'"  *Reno v. Flores*, 507 U.S. 292, 302 (1992),

*quoting Collins v. Harker Heights,* 503 U.S. 115, 125 (1992).

Here, plaintiffs identify the rights in question as the "fundamental right to a public

education and to an education in a safe and healthy environment", and separately as "their

fundamental liberty interests as parents in making the ultimate decisions regarding the health and

well-being of their children[.]"  Complaint, ¶81.

First, as to the fundamental right to a public education, that was addressed thoroughly in

*Brach*, *supra*, which surveyed the relevant cases and concluded that such a right simply does not

exist.

Second, as to the claim of a liberty interest violation relating to their right to direct their

childrens' education, plaintiffs again do not state a claim for relief.  As argued above, that right is

limited to a parental choice of where their children go to school.  Plaintiffs do not plead

interference with that right, but rather assert a more generalized right to dictate to the school

district the precise manner of its operations.  This argument was soundly rejected in *Fields,*

*supra*:  "We note at the outset that it is not our role to rule on the wisdom of the School District's

actions. That is a matter that must be decided in other fora."  *Fields, supra,* at 1203.

Because a fundamental right is not implicated, the question before the court then becomes

whether defendants' actions "bear[] a rational relation to a legitimate government objective."

*Brach*, 6 F.4th at 924.  Clearly, they do:  as the State of Oregon has said, "Students are required

to attend school, which is a congregate setting where COVID-19 can spread easily if precautions

are not taken. Universal and correct use of face coverings keeps students learning in-person."

PAGE 9 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff's Exhibit N, at 8.

To the extent that plaintiffs' claim is based on the parental right to make medical decisions for their children, it again does not state a claim.  "Parents have a right to make medical decisions for their children, but that right is not absolute."  *Guilfoyle v. Beutner*, 2021 U.S.Dist. LEXIS 195396, at \*55-56 (C.D.Cal., September 14, 2021), citing *Parham v. J.R.,* 442 U.S. 584, 604 (1979).  *See also Aviles v. De Blasio,* 2021 U.S. Dist. LEXIS 38930, \*57-58 (S.D.N.Y. March 2, 2021).  If it can even be said that a requirement to wear a mask is a "medical decision," that is clearly within the purview of schools to require, especially given the dictate from the State of Oregon to do so.

Other courts, including this one, have similarly concluded that COVID mitigation measures taken by governments do not violate students' or parents' substantive due process rights.  In *Guilfoyle*, supra, the court concluded that parents' constitutional claims against the Los Angeles Unified School District's COVID mitigation measures, including masks, did not state a claim for relief, and that the plaintiff parents were not entitled to a preliminary injunction. *Guilfoyle*, *supra*, at \*87.  In *Johnson v. Brown,* 2021 U.S. Dist. LEXIS 200159 (D.Or. October 18, 2021), this court upheld the State of Oregon's vaccination requirement against constitutional claims.

Other courts have also specifically upheld mask mandates in schools, against constitutional challenges by parents.  *See, e.g., Resurrection Sch. v. Hertel,* 11 F.4th 437 (6th Cir. 2021)*; Doe v. Franklin Square Union Free Sch. Dist.,* 2021 U.S. Dist. LEXIS 206450 (E.D.N.Y. October 26, 2021); *Lloyd v. Sch. Bd. of Palm Beach Cty.*, 2021 U.S. Dist. LEXIS 210628

PAGE 10 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(S.D.Fla., October 29, 2021); *Miranda ex rel. M.M. v. Alexander*, 2021 U.S. Dist. LEXIS 183649

(M.D.La., September 24, 2021); *P.M. v. Mayfield City Sch. Dist. Bd. of Educ.*, 2021 U.S. Dist.

LEXIS 172703 (N.D.Ohio, September 13, 2021), and others.  In nearly all of these cases, the

court found that the school district's mask mandate was rationally related to a legitimate

governmental interest, and thus did not violate the constitutional rights of the plaintiffs. In short,

"there is no fundamental constitutional right to not wear a mask." *Miranda*, supra, at *9

(collecting cases).

     Further, plaintiffs' claim does not explain how these particular defendants' conduct

violates their substantive due process rights.  As argued above, the decision to impose mask

mandates on schools was made by the State of Oregon, not these defendants.  OAR

333-019-1015 does not allow school districts to opt out of its requirements.

     For these reasons, plaintiffs cannot show a likelihood of success on the merits of their

claim for violation of their substantive due process rights.

      **iii.**    **Plaintiffs' claims under the Oregon Constitution are defective.**

     Plaintiffs also identify two provisions of the Oregon Constitution that they think

defendants violated;  Art. I, sections 1 and 10.

     First, section 1 of Article I, titled "Natural rights inherent in people," is a general

statement of principles, and does not appear to give rise to any cause of action.  Only two

published cases appear to mention this section, and neither is pertinent here.  Plaintiffs do not

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

explain why or how defendants' actions violated this section, or how it can give rise to a due process claim, either procedural or substantive in nature.

Second, plaintiffs make claims under Article I, section 10.  This article's "principal function is to bar the legislature from eliminating common-law remedies that were available to redress injuries to 'person, property, or reputation,' without providing a 'constitutionally adequate substitute remedy." *Smith v. Dep't of Corr.*, 219 Ore. App. 192, 196 (2008), *quoting Jensen v. Whitlow,* 334 Ore. 412, 417-18 (2002).  Importantly, "it is not a 'due process' clause." *State v. Hart*, 299 Ore. 128, 140 (1985).

Plaintiff's allegations do not implicate the elimination of any common-law remedies.  As with their federal constitutional claims, plaintiffs merely allege that they "have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits."  Complaint, ¶85.

In support of their substantive due process claim under the Oregon Constitution, plaintiffs allege that they "have a fundamental right to a public education and to an education in a safe and healthy environment."  Complaint, ¶91.  Although plaintiffs' complaint does not cite the correct constitutional provision, Oregon's constitution does reference public education, in Art. VII, § 3.  However, even assuming an individualized claim could exist for violation of that clause, which is far from certain, they cannot show a deprivation of that right.  As argued above, the minor plaintiffs are in school and receiving an education.  "The wording of Article VIII, section 3, does not carry with it specific educational standards beyond a basic education." *Pendleton Sch. Dist.*

PAGE 12 -     DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
              TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

*16R v. State*, 345 Or. 596, 616 (2009).  *See also Olsen v. State*, 276 Or. 9, 27 (1976) ("We are of the opinion that Art VIII, § 3, is complied with if the state requires and provides for a minimum of educational opportunities in the district and permits the districts to exercise local control over what they desire, and can furnish, over the minimum").

The sparse case law under Art VIII, § 3 is limited to discussions of school funding, and no court has recognized this section as giving rise to an individual claim regarding the manner in which a school district chooses to provide an education to its students.  Clearly, plaintiffs are receiving more than "a basic education", *Pendleton Sch. Dist, supra*; for that reason, and because they cannot show a deprivation of this right, plaintiffs' substantive due process claim under the Oregon Constitution must fail.

For these reasons, plaintiffs' claims under the Oregon Constitution are not well-taken, and they cannot show a likelihood of success on the merits.

For all the reasons argued above, plaintiffs cannot show that they have a likelihood of prevailing on the merits of any of their constitutional claims in this matter.  For that reason, their motion for a preliminary injunction and temporary restraining order must be denied.

**3.       Plaintiffs cannot show irreparable harm, that the equities favor the issuance of an injunction, or that their proposed injunction would be in the public interest.**

Apart from their likelihood of success on the merits, plaintiffs must also demonstrate the other three elements of a claim for a preliminary injunction.  They cannot.

PAGE 13 -      DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
                    TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

First, although in many cases an allegation of a constitutional deprivation can establish irreparable harm, that is not the case here.  Plaintiffs have not properly alleged any constitutional deprivations, as argued above.  Moreover, their delay in filing this case militates against a finding of irreparable harm being done by the mask mandate.  As plaintiffs allege, the mask mandate was discussed by the school board as early as the August 19, 2021 school board meeting.  Complaint, ¶39.  The relevant administrative regulation has been in place since August 2, 2021.  OAR 333-019-1015.  The court's files will show that plaintiff's complaint and motion for TRO were filed November 16, 2021.  That is a span of 106 days, or 3 months and 14 days, since the OAR's enactment.  If irreparable harm had been occurring for that period of time, plaintiffs would have acted sooner.  *See Broecker v. New York City Dep't of Educ.,* 2021 U.S. Dist. LEXIS 226848, *26-27 (E.D.N.Y. November 24, 2021) (44-day delay in filing for preliminary injunction regarding COVID vaccine mandate "does not convey a looming, irreparable harm").

Second and third, plaintiffs cannot demonstrate that the proposed injunction, which would bar a school district from enforcing the legally mandated mask requirement in schools, is in the public interest, nor that the equities favor the proposed injunctions.  This is because of the widely recognized threat posed by the COVID-19 pandemic, which this court and many others have written about.  *See Johnson*, supra, at *6 ("For nearly two years, COVID-19 has presented a serious risk to the health and safety of our community, nation, and world"); *Or. Moms Union v. Brown*, 2021 U.S. Dist. LEXIS 96367, *2 (D.Or. May 20, 2021) ("Since March 2020, the COVID-19 pandemic has caused death and major disruptions to daily life for people around the world, including in Oregon"); and others.  It simply cannot be said that constraining the ability of

PAGE 14 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

a school district to protect the health and safety of its students and staff, as well as ordering a

school district to disregard Oregon law, is in the public interest, or that the equities would favor

such an outcome.

## CONCLUSION

Plaintiffs ask this court to order a school district to disregard state law, and abandon a

common-sense measure addressed at mitigating the risks of a global pandemic to children.

Because they have not alleged a cognizable constitutional violation, this court should reject their

request, and deny their motion for a preliminary injunction and temporary restraining order.

DATED: December 3, 2021.

_____/s/_Brett Mersereau_____
**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
    Of Attorneys for Defendants

PAGE 15 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
        TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION