**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
2100 NE Broadway, #119
Portland, OR 97232
Telephone: 503-673-3022
Facsimile: 503-218-1760
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER RAE GUNTER, individually and as a natural parent of A.G.; ROBERT JAY SCHWARTZ, individually and as a natural parent of J.S.; HOLLY LYNN GOVE, individually and as a natural parent of M.G.; CHELSEA ELIZABETH PERRITT, individually and as a natural parent of L.P., <br><br> Plaintiff, <br><br> v. <br><br> NORTH WASCO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, CAROLYN BERNAL, in her individual capacity and in her official capacity as Superintendent of the North Wasco County Public School District; and REBECCA THISTLETHWAITE, DAWN RASMUSSEN, DAVID JONES, JOHN NELSON, BRIAN STEVENS, JOSE APARICIO, JUDY RICHARDSON, all in their individual capacities and in their capacities as members of the North Wasco County School District Board of Education, <br><br> Defendants. | Case No.: 3:21-cv-01661-YY <br><br> DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS |

PAGE 1 -   DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

Defendants North Wasco County School District Board of Education, Carolyn Bernal, Rebecca Thistlethwaite, Dawn Rasmussen, David Jones, John Nelson, Brian Stevens, Jose Aparicio, and Judy Richardson (collectively, "defendants") respectfully submit the within Motion to Dismiss plaintiffs' complaint, pursuant to FRCP 12(b)(6).

## LR 7-1 CERTIFICATION

The undersigned hereby certifies that he conferred by telephone with lead plaintiff Jennifer Gunter on Wednesday, Dec. 1, 2021. The parties were not able to resolve the issues raised in this motion.

## LR 7-2 CERTIFICATION

The undersigned hereby certifies that this Response complies with the applicable word-count limitation because it contains 3,222 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and certificates of counsel.

## MOTION

Pursuant to FRCP 12(b)(6), defendants move this court for its order dismissing each of plaintiffs' claims for relief, and plaintiffs' complaint in its entirety, with prejudice, on the ground

PAGE 2 -    DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

that it does not state a claim upon which relief can be granted. This motion is supported by the points and authorities raised below, the court's file in this matter, and defendants' Response to plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, which is hereby incorporated.

## OVERVIEW

In this matter, plaintiffs allege that the mask mandates imposed by the State of Oregon on schools statewide violate the constitutional rights of their school-aged children. Defendants are administrators and school board members of the relevant school district.

Because plaintiffs have not alleged any cognizable constitutional claim, their claims, and this complaint in its entirety, should be dismissed with prejudice.

## FACTS

The following facts, taken from plaintiff's Complaint, are relevant to this motion.

Plaintiffs' four children are students at North Wasco County School District ("District") schools, and the claims in this matter are brought by parents on their childrens' behalf. Complaint, ¶1. Following the guidance of the State of Oregon's "Ready Schools, Safe Learners" framework, and pursuant to OAR 333-019-1015, the District requires its students and staff to

PAGE 3 -    DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

wear masks in school.  *Id.,* ¶41, Exhibit L; Exhibit N, page 8.

**ARGUMENT**

1.     **Legal Standards**

When a complaint fails to state a claim upon which relief may be granted, it must be dismissed.  FRCP 12(b)(6).  To survive a FRCP 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to support each element of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 US 544, 554-55 (2007).  Legal conclusions, or legal conclusions "couched" as factual allegations, are not entitled to the assumption of truth given well-pleaded facts.  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009).

Courts tasked with reviewing the sufficiency of a complaint should engage in a three-step process. *Iqbal*, 556 U.S. at 675. Initially, the court must recognize the elements that plaintiff must plead to state a claim. *Id*.  Then, the court should identify allegations in the Complaint that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Finally, the court should locate the well-pleaded factual allegations and, assuming their accuracy, must determine whether they plausibly give rise to an entitlement to relief for the plaintiff. *Id*.

2.     **Plaintiffs' allegations**

Plaintiffs purport to allege four constitutional claims. Two of those claims arise under the U.S. Constitution, and allege violations of plaintiffs' procedural due process and substantive due process rights, under the 5th and 14th amendments, through the vehicle of 42 USC §1983. The remaining two claims are alleged under the Oregon Constitution, Art. I, sections 1 and 10, and are also labeled as "procedural due process" and "substantive due process" claims.

3.     **Without counsel, plaintiffs cannot represent the interests of their minor children.**

Plaintiffs, appearing *pro se*, purport to bring this action on behalf of their minor children. Complaint, p. 7, ¶1 ("Suit is brought herein on P.M.'s behalf by their Parents"). Their complaint focuses on the alleged impact of mask mandates on the four minor children.

It is a well-settled rule of law in this circuit that *pro se* parties may only represent their own interests, and not those of any other person. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him…He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987), *citing McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *and Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953). This is true even where a *pro se* plaintiff attempts to appear on behalf of his or her own children: "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

PAGE 5 -     DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

Cases similar to this one, brought by parents on behalf of their minor children, have been dismissed for this reason.  *See*, *e.g., J.R. v. Palos Verdes Peninsula Unified Sch. Dist.,* 2021 U.S. Dist. LEXIS 192165 (C.D. Cal. October 5, 2021); *and J. G. v. Palos Verdes Peninsula Unified Sch. Dist.,* 2021 U.S. Dist. LEXIS 215626 (C.D. Cal. October 6, 2021).  In *J.R. v. Palos Verdes*, *supra*, the court held:

> It is [plaintiff's] burden as the party seeking to invoke federal jurisdiction to establish an Article III injury on the face of the pleading. She has not done so. [Her] interest as a mother in the harm that she alleges her minor child suffered is insufficient to show that [she] (as distinct from her minor child) personally suffered a particularized or concrete 'injury in fact' that is 'fairly traceable' to the challenged policy of the School District.

*J.R. v. Palos Verdes*, *supra,* at 6.  The same logic obtains here.  Because plaintiffs cannot represent the interests of their minor children, this case should be dismissed with prejudice.

**4.      Plaintiffs' allegations under the U.S. Constitution do not state a claim for relief.**

Plaintiffs attempt to allege two claims under the U.S. Constitution, for procedural and substantive due process.

**a.      Plaintiffs' procedural due process allegations do not state a claim for relief.**

The U.S. Constitution's "Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d

PAGE 6 -      DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) a lack of adequate process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Plaintiffs plead the relevant constitutional interest as follows: "Plaintiffs have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask requirement, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." Complaint, ¶73.

However, the Ninth Circuit has "declined to recognize the existence of a 'federal constitutional right to a public education.'" *Brach v. Newsom*, 6 F.4th 904, 923, *quoting* Payne *v. Peninsula School Dist.,* 653 F.3d 863, 880 (9th Cir. 2011). *See also Plyler v. Doe*, 457 U.S. 202, 221 (1982). Plaintiffs thus cannot show that defendants' mask policy implicates a constitutional interest, and therefore lack the first element of their claim.

Nor can they show the second element, that they have been deprived of a right — their allegations are that their children are in school and receiving an education. It simply cannot be the case that requiring students to wear a mask in school amounts to a "deprivation" of a (nonexistent) right to an education. Moreover, it must be noted that the decision to require masks was not the District's to make. As plaintiffs themselves plead, it was the State of Oregon that made that decision, through enactment of OAR 333-019-1015. A school district's decision to follow an unambiguous enactment of law cannot amount to a constitutionally cognizable deprivation of rights. Finally, plaintiffs cannot show a lack of adequate process — as argued

PAGE 7 -   DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

above, the entire process occurred at the state level. No "process" is required when a local government simply follows state law. Also, it should be noted that plaintiffs do not plead any specific procedural defect - instead, they simply conclude that their due process rights were violated. Under *Twombly, supra*, and *Iqbal, supra*, such conclusory pleading is not entitled to the presumption of truth given well-pleaded allegations.

For the reasons argued above, plaintiffs have not stated a claim for relief with respect to their procedural due process allegations.

      b.      **Plaintiffs' substantive due process allegations do not state a claim for relief.**

Plaintiffs also plead a substantive due process claim, under the Fourteenth Amendment. Substantive due process "protects an individual's fundamental rights to liberty and bodily autonomy." *C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016) (citations omitted). In the educational context, this right is largely limited to "the right of parents to be free from state interference with their choice of the educational forum itself." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005). "[O]nce parents make the choice as to which school their children will attend, [] their fundamental right to control the education of their children is, at the least, substantially diminished" and "they do not have a fundamental right generally to direct how a public school teaches their child." *Fields, supra*, 427 F.3d at 1206.

"'Substantive due process' analysis must begin with a careful description of the asserted right, for 'the doctrine of judicial self-restraint requires us to exercise the utmost care whenever

we are asked to break new ground in this field.'"  *Reno v. Flores*, 507 U.S. 292, 302 (1992), *quoting Collins v. Harker Heights,* 503 U.S. 115, 125 (1992).

Here, plaintiffs identify the rights in question as the "fundamental right to a public education and to an education in a safe and healthy environment", and separately as "their fundamental liberty interests as parents in making the ultimate decisions regarding the health and well-being of their children[.]"  Complaint, ¶81.

First, as to the fundamental right to a public education, that was addressed thoroughly in *Brach*, *supra*, which surveyed the relevant cases and concluded that such a right simply does not exist.

Second, as to the claim of a liberty interest violation relating to their right to direct their childrens' education, plaintiffs again do not state a claim for relief.  As argued above, that right is limited to a parental choice of where their children go to school.  Plaintiffs do not plead interference with that right, but rather assert a more generalized right to dictate to the school district the precise manner of its operations.  This argument was soundly rejected in *Fields, supra*:  "We note at the outset that it is not our role to rule on the wisdom of the School District's actions. That is a matter that must be decided in other fora." *Fields, supra,* at 1203.

Because a fundamental right is not implicated, the question before the court then becomes whether defendants' actions "bear[] a rational relation to a legitimate government objective." *Brach*, 6 F.4th at 924.  Clearly, they do:  as the State of Oregon has said, "Students are required to attend school, which is a congregate setting where COVID-19 can spread easily if precautions are not taken. Universal and correct use of face coverings keeps students learning in-person."

PAGE 9 -       DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

Plaintiff's Exhibit N, at 8.

To the extent that plaintiffs' claim is based on the parental right to make medical decisions for their children, it again does not state a claim. "Parents have a right to make medical decisions for their children, but that right is not absolute." *Guilfoyle v. Beutner*, 2021 U.S.Dist. LEXIS 195396, at *55-56 (C.D.Cal., September 14, 2021), citing *Parham v. J.R.,* 442 U.S. 584, 604 (1979). *See also Aviles v. De Blasio,* 2021 U.S. Dist. LEXIS 38930, *57-58 (S.D.N.Y. March 2, 2021). If it can even be said that a requirement to wear a mask is a "medical decision," that is clearly within the purview of schools to require, especially given the dictate from the State of Oregon to do so.

Other courts, including this one, have similarly concluded that COVID mitigation measures taken by governments do not violate students' or parents' substantive due process rights. In *Guilfoyle*, supra, the court concluded that parents' constitutional claims against the Los Angeles Unified School District's COVID mitigation measures, including masks, did not state a claim for relief, and that the plaintiff parents were not entitled to a preliminary injunction. *Guilfoyle*, *supra*, at *87. In *Johnson v. Brown,* 2021 U.S. Dist. LEXIS 200159 (D.Or. October 18, 2021), this court upheld the State of Oregon's vaccination requirement against constitutional claims.

Other courts have also specifically upheld mask mandates in schools, against constitutional challenges by parents. *See, e.g., Resurrection Sch. v. Hertel,* 11 F.4th 437 (6th Cir. 2021)*; Doe v. Franklin Square Union Free Sch. Dist.,* 2021 U.S. Dist. LEXIS 206450 (E.D.N.Y. October 26, 2021); *Lloyd v. Sch. Bd. of Palm Beach Cty.*, 2021 U.S. Dist. LEXIS 210628

PAGE 10 -    DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

(S.D.Fla., October 29, 2021); *Miranda ex rel. M.M. v. Alexander*, 2021 U.S. Dist. LEXIS 183649 (M.D.La., September 24, 2021); *P.M. v. Mayfield City Sch. Dist. Bd. of Educ.*, 2021 U.S. Dist. LEXIS 172703 (N.D.Ohio, September 13, 2021), and others.  In nearly all of these cases, the court found that the school district's mask mandate was rationally related to a legitimate governmental interest, and thus did not violate the constitutional rights of the plaintiffs.  In short, "there is no fundamental constitutional right to not wear a mask."  *Miranda*, supra, at *9 (collecting cases).

Further, plaintiffs' claim does not explain how these particular defendants' conduct violates their substantive due process rights.  As argued above, the decision to impose mask mandates on schools was made by the State of Oregon, not these defendants.  OAR 333-019-1015 does not allow school districts to opt out of its requirements.

For these reasons, plaintiffs  do not state a claim for violation of their substantive due process rights, and their claims under the U.S. Constitution should be dismissed with prejudice.

**5.      Plaintiffs' allegations under the Oregon Constitution do not state a claim for relief.**

Plaintiffs also identify two provisions of the Oregon Constitution that they think defendants violated;  Art. I, sections 1 and 10.

First, section 1 of Article I, titled "Natural rights inherent in people," is a general statement of principles, and does not appear to give rise to any cause of action.  Only two published cases appear to mention this section, and neither is pertinent here.  Plaintiffs do not

explain why or how defendants' actions violated this section, or how it can give rise to a due process claim, either procedural or substantive in nature.

Second, plaintiffs make claims under Article I, section 10. This article's "principal function is to bar the legislature from eliminating common-law remedies that were available to redress injuries to 'person, property, or reputation,' without providing a 'constitutionally adequate substitute remedy." *Smith v. Dep't of Corr.*, 219 Or App 192, 196 (2008), *quoting Jensen v. Whitlow,* 334 Or 412, 417-18 (2002). Importantly, "it is not a 'due process' clause." *State v. Hart*, 299 Or 128, 140 (1985).

Plaintiff's allegations do not implicate the elimination of any common-law remedies. As with their federal constitutional claims, plaintiffs merely allege that they "have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits." Complaint, ¶85.

In support of their substantive due process claim under the Oregon Constitution, plaintiffs allege that they "have a fundamental right to a public education and to an education in a safe and healthy environment." Complaint, ¶91. Although plaintiffs' complaint does not cite the correct constitutional provision, Oregon's constitution does reference public education, in Art. VII, § 3. However, even assuming an individualized claim could exist for violation of that clause, which is far from certain, they cannot show a deprivation of that right. As argued above, the minor plaintiffs are in school and receiving an education. "The wording of Article VIII, section 3, does not carry with it specific educational standards beyond a basic education." *Pendleton Sch. Dist.*

PAGE 12 -   DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

*16R v. State*, 345 Or. 596, 616 (2009).  *See also Olsen v. State*, 276 Or. 9, 27 (1976) ("We are of the opinion that Art VIII, § 3, is complied with if the state requires and provides for a minimum of educational opportunities in the district and permits the districts to exercise local control over what they desire, and can furnish, over the minimum").

The sparse case law under Art VIII, § 3 is limited to discussions of school funding, and no court has recognized this section as giving rise to an individual claim regarding the manner in which a school district chooses to provide an education to its students.  Clearly, plaintiffs are receiving more than "a basic education," *Pendleton Sch. Dist, supra*; for that reason, and because they cannot show a deprivation of this right, plaintiffs' substantive due process claim under the Oregon Constitution must fail.

For these reasons, plaintiffs' claims under the Oregon Constitution are not well-taken, and those claims should be dismissed with prejudice.

## CONCLUSION

Plaintiffs ask this court to order a school district to disregard state law, and abandon a common-sense measure addressed at mitigating the risks of a global pandemic to children. Because they have not alleged a cognizable constitutional violation, this court should reject their request, and dismiss their complaint with prejudice.

DATED: December 3, 2021.

                                        /s/*Brett Mersereau*
                            **BRETT MERSEREAU,** OSB No. 023922
                            brett@brettmersereau.com
                            The Law Office of Brett Mersereau
                                 Of Attorneys for Defendants