**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
2100 NE Broadway, #119
Portland, OR 97232
Telephone: 503-673-3022
Facsimile: 503-218-1760
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER RAE GUNTER, individually and as a natural parent of A.G.; ROBERT JAY SCHWARTZ, individually and as a natural parent of J.S.; HOLLY LYNN GOVE, individually and as a natural parent of M.G.; CHELSEA ELIZABETH PERRITT, individually and as a natural parent of L.P., <br><br> Plaintiff, <br><br> v. <br><br> NORTH WASCO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, CAROLYN BERNAL, in her individual capacity and in her official capacity as Superintendent of the North Wasco County Public School District; and REBECCA THISTLETHWAITE, DAWN RASMUSSEN, DAVID JONES, JOHN NELSON, BRIAN STEVENS, JOSE APARICIO, JUDY RICHARDSON, all in their individual capacities and in their capacities as members of the North Wasco County School District Board of Education, <br><br> Defendants. | Case No.: 3:21-cv-01661-YY <br><br> REPLY IN SUPPORT OF DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS |

PAGE 1 -    REPLY IN SUPPORT OF DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

Defendants North Wasco County School District Board of Education, Carolyn Bernal, Rebecca Thistlethwaite, Dawn Rasmussen, David Jones, John Nelson, Brian Stevens, Jose Aparicio, and Judy Richardson (collectively, "defendants") respectfully submit the within Reply in support of their earlier-filed Motion to Dismiss plaintiffs' complaint, pursuant to FRCP 12(b)(6).

## LR 7-2 CERTIFICATION

The undersigned hereby certifies that this Reply complies with the applicable word-count limitation because it contains 868 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and certificates of counsel.

## DISCUSSION

In response to defendants' arguments, plaintiffs submit a wide range of theories, but fail to address the legal deficiencies in their claims identified in defendants' motion to dismiss.

**1.  School districts have no authority to ignore state law.**

In their original motion, defendants argued that they were compelled by OAR

333-019-1015 to implement a masking requirement for students and staff in schools. In response, plaintiffs cite ORS 332.072 for the proposition that "district school boards have control of the district schools[.]" Plaintiff's Opposition at 4. However, ORS 332.072 limits that control to "all business coming within the jurisdiction of the district[.]" Plainly, rules imposed by the state on all school districts do not constitute "business coming within the jurisdiction of the district."

OAR 333-019-1015 cites several statutes as supporting authority: ORS 413.042, 431.110, 431A.010, and 433.004. These statutes provide the Oregon Health Authority with the power to regulate matters having to do with "the preservation of life and health of the people of this state," including "full power in the control of all communicable diseases." ORS 431.110(1) and (7). ORS 413.042 is a specific grant of rule making authority to the OHA, under which OAR 333-019-1015 was enacted. Thus, the mask mandate in schools falls squarely under the statutory and administrative powers of the OHA, and well outside the province of a local government such as a school district.

Plaintiffs do not explain how, or why, school districts should ignore their legal obligations under the relevant administrative rules.

**2.   Plaintiffs cannot represent their children in this proceeding.**

In their original motion, defendants argued that well-settled Ninth Circuit case law bars *pro se* parties from representing their minor children, or any other party. In response, plaintiffs argue that they have a liberty interest in the care and custody of their children. Opposition at 12.

This is true, in a limited sense: as defendants argued originally, parents generally have a right to determine where their children attend school. *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005). However, that right does not extend to the ability to represent their childrens' interests in court. Plaintiffs simply do not provide any authority for the idea that they, as *pro se* parties, can represent the interests of others.

**3.     Masks are not a "restraint."**

Plaintiffs argue that the mask mandate violates ORS 339.288, which regulates the use of restraints in schools. "Restraint" is defined in ORS 339.285 as "the restriction of a student's actions or movements by holding the student or using pressure or other means." By its own terms, that definition simply does not include a "medical grade mask", which is what OAR 333-019-1015(2)(d) requires. Such a mask does not restrict a student's actions or movements.

**4.     Plaintiffs have not substantiated their constitutional claims.**

Defendants argued that plaintiffs' constitutional claims for procedural and substantive due process were fatally flawed, because plaintiffs had not alleged a deprivation of a cognizable constitutional right, and because the mask mandate is rationally related to a legitimate governmental interest.

In response, plaintiffs do not provide any argument that would permit a different interpretation of their allegations. They simply have not stated a claim for violations of their constitutional rights.

PAGE 4 -     REPLY IN SUPPORT OF DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS

## CONCLUSION

While it is clear that plaintiffs disagree with the mask mandate imposed by the State of Oregon, they have not alleged a constitutional claim for relief. This case should be dismissed.

DATED: December 14, 2021.

                                    /s/*Brett Mersereau*
                              **BRETT MERSEREAU,** OSB No. 023922
                              brett@brettmersereau.com
                              The Law Office of Brett Mersereau
                                  Of Attorneys for Defendants